IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON JONES, | CASE NO. CV F 12-1797 LJO GSA |
| Plaintiff, | **ORDER TO REMAND ACTION AND TO VACATE HEARING** |
| vs. | (Doc. 20) |
| CITY OF FRESNO, et al., | |
| Defendants. | |

In response to this Court's March 4, 2013 order, plaintiff Carlton Jones filed his operative Second Amended Complaint ("SAC"), which alleges no federal claims. The SAC notes the lack of this Court's subject matter jurisdiction, in the absence of diverse parties or a federal question.

On April 15, 2013, defendants filed their F.R.Civ.P. 12 motion to dismiss and set a May 22, 2013 hearing.

This Court has reviewed the SAC and declines to exercise supplemental jurisdiction over the SAC's claims.

A district court may "decline to exercise supplemental jurisdiction over a claim" when "the claim substantially predominates over the claim or claims which the district court has original jurisdiction" or "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(2), (3).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of

1

factors . . . will point toward declining to exercise jurisdiction over remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614 (1988). In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727, 86 S.Ct. 1130 (1996), the U.S. Supreme Court further explained:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.  Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong. . . . Finally, there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial, Fed.Rule Civ.Proc. 42(b). If so, jurisdiction should ordinarily be refused.

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions of § 1367(c), it is informed by *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

No judicial economy, convenience or fairness to the parties justifies this Court's exercise of supplemental jurisdiction over the SAC's claims. State law predominates with the SAC's elimination of federal claims to render the original federal claims insubstantial. The SAC's state claims are not closely tied to federal policy to support exercise of supplemental jurisdiction. Given this Court's voluminous caseload, state court is better suited to hear this action to better serve the parties.

**ORDER**

For the reasons discussed above, this Court:

1. DECLINES to exercise supplemental jurisdiction over the SAC's claims;
2. DIRECTS the clerk to take necessary steps to remand this action to the Fresno County Superior Court and to close this action; and
3. VACATES all pending matters and dates before this Court, including the May 8, 2013

scheduling conference and the May 22, 2013 hearing on defendants' F.R.Civ.P. 12 motion to dismiss.  This Court will take no action on the motion to dismiss.

IT IS SO ORDERED.

**Dated:    April 16, 2013**              /s/  **Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE